BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Tamala Amos Trickey, challenges her 1998 guilty plea conviction for murder. Her direct appeal of that conviction was dismissed because the pro se notice of appeal was untimely filed. See Trickey v. State, 636 So.2d 492 (Ala.Cr.App.1998) (Table).
The petition contains the following allegations:
1. The plea of guilty was unlawfully induced or was not voluntarily entered. The appellant contends that she was told that unless she pleaded guilty she would be tried for capital murder (the charge on which she was indicted) and that the State’s evidence was so strong that she would be convicted.
2. Her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated when the police took her statement. The appellant asserts that she was not allowed to have an appointed attorney present when she gave her statements and that the arresting officer did not inform her that any statements she made without first speaking to counsel would place her in “legal trouble.” C.R. 27.
3. The prosecution failed to disclose favorable evidence (the autopsy report of the victim, the appellant’s daughter). The appellant maintains that there was no proof beyond a reasonable doubt that her daughter died as a result of foul play.
4. Trial counsel was ineffective in never explaining the legal definition of murder. The appellant claims that she did not intentionally kill her daughter, and claims that she was careless and scared, and that she panicked. She also claims that counsel was ineffective because he “could have looked into circumstantial evidence”; “should have looked into mitigating circumstances before the plea agreement”; failed to review the autopsy report; scared her into entering into a plea agreement; did not defend her in court; faded to have her statements suppressed; and failed to present mitigating evidence.
5. The appellant is innocent of the crime for which she stands convicted.
The circuit court denied the petition without comment.
The record of the appellant’s guilty plea, which was made a part of the record by order of the circuit court on its own motion (C.R. 5), shows that she entered a “best interest” gudty plea as authorized by North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). R. 8-9.
At the gudty plea hearing, the district attorney revealed the evidence the State expected to present at trial. That evidence included the expected testimony of the appellant’s husband to the effect that the appellant kided her three-year old chdd; that the appellant and her husband left the State of Alabama immediately and suddenly after the chdd’s death and that the chdd’s body was not discovered for 30 days; that the chdd had been physically abused prior to her *599 death; that the appellant had stated that she wanted the child dead and had stated that she would kill the child if she thought she could get away with it; and that the appellant’s older child would testify that her mother killed her sister. The district attorney also represented that “although an exact cause of death could not be determined [due to the state of decomposition of the body], we believe that the state medical examiner would testify that he’s able to rule out death by natural causes.” R. 15.
Immediately after this showing by the district attorney, defense counsel, in response to an inquiry by the trial judge, stated that he had repeatedly reviewed the evidence with the appellant; that he had interviewed the witnesses; and that he had “gone through the autopsy report and cause of death” and had reviewed the photographs of the body. R. 13. Counsel represented to the trial judge that “[i]t’s my opinion that we’ve covered every possible piece of evidence that the State may put on. And, ... [the appellant] is aware of what — what their case will be.” R. 13. Defense counsel further stated, “It’s my opinion that she probably would be convicted if she went to trial,” and “[W]e’ve covered every possible angle that we can. cover as far as making sure [the appellant] knows as much as we know, her lawyers know, about what the evidence is going to be and in comparison as to what we could put on as a defense.” R. 14.
The judge who denied the appellant’s petition for post-conviction relief was the same judge who adjudicated the appellant guilty and imposed sentence. After sentencing the following occurred:
“THE COURT: ... I will make a comment on that. I’ve known Mr. Mastín [defense counsel] for many years and have had the pleasure of working with him as a Judge for four and a half years now and I’m aware of a lot of what he’s done in this case and I know that I think I can say without fear of contradiction that he has left no stone unturned to try—
“THE DEFENDANT: That’s true.
“THE COURT: —to defend you in every way that’s possible.
“THE DEFENDANT: He’s done a real good job.” R. 28.
It is the opinion of this Court that the record of the appellant’s guilty plea proceeding shows that the allegations she makes in her petition for post-conviction relief are without merit and in some instances are untrue. The judgment of the circuit court dismissing the petition.is affirmed.
AFFIRMED.
All Judges concur.